UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON JAMES WILLIAMS, | |
| Petitioner | CIVIL ACTION NO. 4:13-CV-01962 |
| v. | (BRANN, J.) |
| MARY SABOL, | (MEHALCHICK, M.J.) |
| Respondent | |

**REPORT AND RECOMMENDATION**

On July 18, 2013, the Court received and filed the instant *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, Clifton James Williams, on July 4, 2013. (Doc. 1). In this petition, Williams, a native and citizen of Belize, challenges the legality of his extended detention. At the time of filing, Williams was being held in the custody of U.S. Immigration and Customs Enforcement (ICE) at York County Prison, located in York County, Pennsylvania. He is currently being held in custody at Pike County Jail in Pike County, Pennsylvania.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Williams is a citizen and native of Belize and came to the United States in 1983. (Doc. 1, p. 2). On May 14, 1991, Williams was convicted in the Criminal Court for the City of New York, New York, for "Criminally Using Drug Paraphernalia in the Second Degree" and sentenced to 60 days imprisonment. (Doc. 8-1, p. 5). Williams was also convicted of "Menacing and Criminal Possession of a Weapon in the Fourth Degree" and sentenced to 60 days imprisonment. (Doc. 8-1, p. 5). On April 2, 2012, Williams was convicted in the Philadelphia Court of Common Pleas for "Possession of Instrument of a Crime with the Intent to Employ it

Criminally and Simple Assault" and sentenced to 8-23 months incarceration, plus a period of reporting probation for two years. (Doc. 8-1, p. 5).

On January 16, 2013, ICE served Williams with a Notice to Appear and a Record of Deportable/Inadmissible Alien. (Doc. 8, p. 1). On January 17, 2013, Williams was charged as being subject to removal and taken into ICE custody. (Doc. 8, p. 2). On June 24, 2013, the Immigration Judge ordered Williams removed to Belize. (Doc. 8, p. 4). On July 23, 2013, Williams appealed this order to the Board of Immigration Appeals (BIA). (Doc. 8, p. 4). The BIA decision is currently pending. (Doc. 8, p. 4).

On July 18, 2013, Williams filed a petition for writ of habeas corpus in federal court. (Doc. 1). On December 2, 2013, Respondent filed a response. (Doc. 8). On January 24, 2014, Williams filed a reply. This matter is now ripe for resolution.

**II.    DISCUSSION**

Williams challenges his detention by immigration officials on two grounds: (1) violation of the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B); and (2) that his continued detention violates constitutional due process protections.

    A.  STATUTORY CLAIM

Williams challenges his continued detention on the basis that his detention is "unreasonabl[y] prolonged and unlawful." (Doc.1, p. 1). Williams alleges that this violates the mandatory detention provisions of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1226. Respondent maintains that Petitioner's detention is lawful in that he is subject to the mandatory detention provision of the INA relating to criminal aliens, INA § 236(c), and that he has not established that he is subject to unreasonably prolonged detention.

Section 236(c) of the INA, codified at 8 U.S.C. § 1226(c), provides that "[t]he Attorney General shall take into custody any alien who" is deportable from the United States because he has been convicted of a crime or crimes specified in the provision. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court of the United States considered this mandatory detention provision and held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent may be detained for the brief period necessary for their removal proceedings." *Demore*, 538 U.S. at 513. Thus, Congress may mandate the detention of all criminal aliens who are convicted of the crime or crimes enumerated in the statute, pending completion of removal hearings. *Ryan v. Decker*, No. 13-682, 2013 WL 3973074, at *3 (M.D. Pa. July 31, 2013).

Here, Williams does not dispute his criminal convictions at any stage in this process. Thus, because his convictions give rise to the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B), he is subject to mandatory detention pending the entry of a removal order in these proceedings. *See Rodrigques v. Holder*, No. 09-1764, 2010 WL 830929, at *3 (M.D. Pa. Mar. 4, 2010) (alien convicted of drug offenses subject to mandatory detention).

    B.  DUE PROCESS CLAIM

Williams also challenges his detention on due process grounds. Specifically, Williams alleges that his detention, pending his appeal, violates the due process protections of the Fifth Amendment to the United States Constitution. (Doc. 1, p. 1).

The Supreme Court of the United States held that 8 U.S.C. § 1226(c)(1)(B)'s mandatory detention provision does not violate due process. *Demore*, 538 U.S. 510. The Court stated:

"In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976). . . [T]his court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens. *See, e.g., Zadvydas*, 533 U.S., at 718 (Kennedy, J., dissenting) ("The liberty rights of the aliens before us here are subject to limitations and conditions not applicable to citizens"); *Reno v. Flores*, 507 U.S. 292, 305–306 (1993) ("Thus, 'in the exercise of its broad power over immigration and naturalization, "Congress regularly makes rules that would be unacceptable if applied to citizens" ' ").

*Demore*, 538 U.S. at 521–522 (parallel citations omitted).

The Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. While *Demore* holds that mandatory detention of certain criminal aliens pending removal proceedings does not, by itself, offend due process, the *Demore* court based this ruling upon its understanding of the short, fixed and finite term of any detention prior to removal. *Demore*, 538 U.S. at 529-31. Thus, courts still have an independent responsibility to assess whether the duration of any mandatory detention is so extended and unreasonable as to violate due process. *See, e.g., Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005); *Ly v. Hanson*, 351 F.3d 263 (6th Cir. 2003); *Prince v. Mukasey*, 593 F.Supp.2d 727 (M.D. Pa. 2008).

Excessive detention claims brought by aliens who are held in pre-removal detention are judged by a "two step-process: a reviewing court must first determine that a detention has been unreasonably long, and following such a determination, must determine whether the unreasonable detention is necessary to fulfill § 1226's purposes." *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 269–70 (3d Cir. 2012). In conducting this two-step analysis the courts have declined to adopt any simple bright-line rule defining what constitutes an unreasonable delay. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011). In assessing these claims, courts

4

first look at the duration of the detention. In general, pre-removal detentions spanning a period of months do not present substantial constitutional issues. *See e.g., Demore*, 538 U.S. at 531(6 months detention); *Rodrigques*, 2010 WL 830929 (one year detention); *Slebo v. District Director*, 2009 WL 2151347 (M.D. Pa. July 17, 2009) (Munley, J.) (8 months detention); *Rodney v. Mukasey*, No. 08–1386, 2009 WL 427171 (M.D. Pa. Feb. 20, 2009) (Muir, J.) (18 months detention); *Wright v. Bureau of Immigration and Customs Enforcement*, No. 06–2278, 2007 WL 86263 (M.D. Pa. Jan. 9, 2007) (Conner, J.) (7 months detention). Periods of detention which significantly exceed one year may trigger constitutional concerns. *See, e.g., Leslie*, 678 F.3d at 269–70 (4 years detention); *Diop*, 656 F.3d at 234 (35 months detention); *Tijani*, 430 F.3d at 1241 (2 years, 8 months detention); *Ly*, 351 F.3d 263 (500 days detention); *Prince*, 593 F.Supp.2d 727 (16 months detention).

Further, when weighing claims of excessive delay, courts also consider the reasons for the delay in removal, and who bears responsibility for that delay. *Ryan*, 2013 WL 3973074, at *6. Detention periods of up to two years have been sustained by the courts where a criminal alien was subject to mandatory detention and much of the pre-removal delay was a function of that criminal alien's litigation decisions during removal proceedings, including the alien's decision to appeal to the BIA. *See, e.g., Jah v. Attorney General*, 258 Fed. Appx. 394 (3d Cir. 2007); *Tavares v. Attorney General*, 211 Fed. Appx. 127 (3d Cir. 2007). Where the delay is attributable to actions taken by the alien in the course of litigating the removal proceedings, courts typically will not hold the government accountable for that delay when conducting a due process analysis. *See, e.g., Demore*, 538 U.S. at 531, n. 15; *Castellanos v. Holder*, 337 Fed. Appx.

263 (3d Cir. 2009) (delay caused by alien's litigation tactics); *Rodrigques*, 2010 WL 830929, at *3 (one year detention held attributable to alien's litigation tactics).

In this case, the pre-removal delay experienced by Williams does not offend due process. Immigration proceedings in this case began on January 17, 2013, and were initially completed by June 2013. Much of this six month delay was directly attributable to requests by Williams to continue his removal proceedings. On January 24, 2013, Williams requested, by way of counsel, a continuance for his January 28, 2013, hearing before the immigration court. (Doc. 8-1, p. 12). The hearing was rescheduled for March 4, 2013. The hearing was again rescheduled for April 8, 2013 (reason unknown), and again rescheduled for April 29, 2013 (reason unknown).On April 23, 2013, Williams, by way of counsel, requested another continuance for his April 29, 2013, hearing. The hearing was rescheduled for June 24, 2013. The ensuing delay, from June 2013 to the present, is the product of an appeal pursued by Williams to the BIA challenging the removal order. Thus, the total period of delay to date is approximately fourteen (14) months.

Any delay has largely been a function of Williams' litigation choices and decisions in these removal proceedings. While Williams' litigation choices may be understandable, the delays caused by those choices should not be held against the government when assessing the pre-removal delay. *See, e.g., Demore*, 538 U.S. at 531, n. 15. Thus, the duration of Williams' detention pending removal, standing alone, does not raise constitutional concerns at this time since much of this period involves delays instigated by him. Further, the continued duration of this detention appears both fixed and finite as the removal case should be promptly resolved by the BIA's pending decision. Accordingly, on these facts the Court finds that Williams has not

presented a valid claim that he has been subjected to an unconstitutionally excessive period of pre-removal delay. Therefore, it is recommended that his petition be denied without prejudice to future requests when, and if, Williams' continued detention becomes sufficiently prolonged to trigger constitutional concerns.

III.    **RECOMMENDATION**

Based on the foregoing, it is recommended that Williams' petition for a writ of habeas corpus (Doc. 1) be **DENIED** without prejudice to renewal at such time, if any, as the delay and detention become unreasonable and excessive.

                                                                  **BY THE COURT:**

**Dated: March 24, 2014**                                        *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLIFTON JAMES WILLIAMS,

        Petitioner

v.

MARY SABOL,

        Respondent

CIVIL ACTION NO. 4:13-CV-01962

(BRANN, J.)
(MEHALCHICK, M.J.)

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 24, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 24, 2014**

                                                          *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**